25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randy Leshea HARRIS, Defendant-Appellant.
 No. 93-5250.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-92-243-G)
 Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Randy Leshea Harris appeals his conviction for possession with the intent to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(a) (1988), and 18 U.S.C.Sec. 2 (1988). Harris's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but contending that the district court's application of the statutory mandatory minimum sentence resulted in a longer sentence than Harris could have received under the applicable sentencing guidelines, and that Harris could have been given a three point reduction for acceptance of responsibility, rather than the two point reduction that was applied. Harris was notified of his right to file a supplemental informal brief, but has not done so.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. We find that pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 5G1.1(b) (Nov.1992), the district court was bound to sentence Harris in accordance with the mandatory minimum sentence, where, as here, it exceeded the sentencing guidelines imprisonment range. We further find that because the statutory mandatory minimum sentence was applied, the failure to reduce Harris's offense level by an additional point for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b) was, at most, harmless error. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED